EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ángel L. Santos Serrano<br>Peticionario<br><br>v<br><br>Estado Libre Asociado<br>de Puerto Rico, et al.<br>Recurridos | Certiorari<br><br>2004 TSPR 150<br><br>162 DPR _____ |

Número del Caso: CC-2003-892

Fecha: 21 de septiembre de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional I San Juan

Panel integrado por su Presidenta, la Jueza Fiol Matta y los Jueces González Rivera y Rivera Martínez.

Abogados de la Parte Peticionaria:

Lcdo. Damian F. Planas Merced

Oficina del Procurador General:

Lcda. Janitza Alsina Rivera
Procuradora General Auxiliar

Materia: Revisión Administrativa del Comité de Derechos de las Víctimas de la Administración de Corrección

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángel L. Santos Serrano

    Peticionario

    v.                              CC-2003-892

Estado Libre Asociado
de Puerto Rico, *et al.*

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 21 de septiembre de 2004

Mientras cumplía una condena de noventa y nueve años de cárcel por violación al Art. 83 del Código Penal de Puerto Rico[1] y a ciertas disposiciones de la Ley de Armas,[2] el Sr. Ángel Santos Serrano le solicitó al Comité de Derechos de las Víctimas, adscrito a la Administración de Corrección del Estado Libre Asociado de Puerto Rico, participar en el Programa de Supervisión Electrónica que Implementa el Reglamento

---

[1] 33 L.P.R.A. sec. 4002.

[2] Arts. 5 y 8 de la Ley Núm. 17 de 30 de octubre de 1975, según enmendada, 25 L.P.R.A. secs. 415 y 418.

Núm. 5065 de 28 de febrero de 1994 de dicha agencia.[3]

Celebrada la vista correspondiente, el Comité de Derechos de las Víctimas denegó la solicitud mediante una resolución fundamentada con conclusiones de derecho y determinaciones de hechos. Se concluyó que el señor Santos Serrano aún no estaba preparado para disfrutar del beneficio del programa de supervisión electrónica. En esta misma resolución se hizo constar que Santos Serrano tenía derecho a presentar un recurso de revisión judicial ante el Tribunal de Apelaciones según lo dispone la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.[4]

En vista de lo anterior, Santos Serrano presentó un recurso de revisión judicial ante el Tribunal de Apelaciones, el cual fue desestimado por falta de jurisdicción. El foro apelativo resolvió que el procedimiento celebrado por el Comité de Derechos de las Víctimas de la Administración de Corrección no constituye una "adjudicación formal" a la que le aplique el Subcapítulo IV sobre revisión judicial de la LPAU.[5]

---

[3] Este reglamento fue posteriormente sustituido por el Reglamento 6041 de 21 de octubre de 1999. No obstante, para los delitos cometidos con anterioridad a la aprobación del nuevo reglamento, aplica el Reglamento Núm. 5065. En el caso de autos, el señor Santos Serrano fue sentenciado en 1991.

[4] Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq*. (en adelante LPAU).

[5] 3 L.P.R.A. secs. 2171 *et seq*.

De este dictamen, el señor Santos Serrano acude ante nos mediante solicitud de *certiorari*. Examinada su petición, emitimos una orden dirigida al Procurador General de Puerto Rico para que compareciera y mostrara causa, si alguna tuviere, por la cual no debíamos expedir el auto solicitado y revisar la decisión del Tribunal de Apelaciones. Según nuestro requerimiento, el Procurador General compareció.

Examinados los alegatos de las partes, se expide el auto de certiorari solicitado y se confirma la decisión del Tribunal de Apelaciones.

Así lo pronunció y manda el Tribunal, y certifica la señora Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Asociado señor Fuster Berlingeri emitió Opinión Disidente. La Jueza Asociada señora Rodríguez Rodríguez disiente sin opinión escrita. La Jueza Asociada señora Fiol Matta inhibida.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángel L. Santos Serrano

    Peticionario

        vs.                  CC-2003-892    Certiorari

Estado Libre Asociado de P.R.,
Etc.

    Recurridos

Opinión Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 21 de septiembre de 2004.

> "The history of liberty has largely been the history of the observance of procedural safeguards."
> Félix Frankfurter

La decisión de la mayoría del Tribunal en el caso de autos es una de esas que pone en riesgo la buena imagen de este Foro como ente que vela porque prevalezca el debido proceso de ley en Puerto Rico.

El caso presenta una situación susceptible a la enardecida crítica popular. Por ello, se trata precisamente del tipo de situación que requiere de este Foro su más impávido proceder. La cuestión del caso de autos es la de si un asesino convicto cumple con las condiciones pertinentes para poder disfrutar

del privilegio de supervisión electrónica, **cuando las normas aplicables lo hacen posible beneficiario de tal privilegio**.

No cabe dudas de que es un asunto legítimamente controversial el de si tal privilegio debe existir incluso para determinados delincuentes que han cometido los crímenes más graves. **Pero ello no es el asunto ante nos aquí**. Tal asunto compete propiamente a las autoridades políticas del país. Una vez éstas han decidido que el privilegio en cuestión está disponible para cualquier convicto que cumpla con determinados requisitos, como ha sucedido aquí, nuestro rol en este asunto se limita a verificar que se cumplan las normas pertinentes y que prevalezca el debido proceso de ley. No tenemos facultad auténtica para convertirnos en un **super legislador** y resolver el caso a base de nuestras particulares creencias sobre a quién debe extendérsele el privilegio en cuestión y a quién no. Sobre todo, no nos corresponde convertirnos de modo silente en partidarios de alguna noción de "mano dura" contra el crimen.

Es menester recordar aquí que nuestra misión siempre es la de velar porque prevalezca **el debido proceso de ley**, particularmente en los casos difíciles o impopulares, conscientes de que así es como mejor aportamos al bien común, aunque ello a veces no sea evidente de inmediato, y aunque a veces el populacho no lo entienda. La valerosa defensa del debido proceso de ley es nuestro deber, aun en casos en que tengamos alguna duda sobre la sensatez del derecho positivo aplicable.

En el caso de autos, **todos los jueces** que participamos en su consideración inicial estuvimos de acuerdo en que se debía requerir al Procurador General que mostrara causa, si alguna tuviere, por la cual no debíamos revocar el dictamen del foro apelativo mediante el cual se confirmó la denegatoria del privilegio al peticionario. Ahora una mayoría de este Tribunal, **sin explicación alguna**, mediante una brevísima sentencia de pura rutina, **carente de discusión o fundamentación**, confirma el dictamen impugnado; y en mi criterio, falta a nuestra obligación de hacer valer el debido proceso de ley. La sentencia aludida ni siquiera relata todos los hechos pertinentes. Veamos.

II

El 25 de octubre de 1991 Ángel L. Santos Serrano fue sentenciado a noventa y nueve años de cárcel, luego de haber sido convicto por la comisión de los delitos de asesinato y violación a los Artículos 5 y 8 de la Ley de Armas.

Santos solicitó participar en el Programa de Supervisión Electrónica de la Administración de Corrección, por conducto del técnico socio penal que tenía a cargo su caso, quien recomendó la inclusión de Santos en dicho programa, por entender que éste reunía los requisitos para ello, conforme al Reglamento de Supervisión Electrónica de dicha agencia, Reglamento Núm. 5065 de 28 de febrero de 1994.

El 10 de octubre de 2002 se le notificó a Santos una resolución del Comité de Derechos de las Víctimas de la Administración de Corrección, mediante la cual se le denegó

su solicitud de participación en el programa de supervisión electrónica. El 14 de octubre de 2002 Santos solicitó la reconsideración de esa denegatoria. Mediante otra resolución notificada el 23 de julio de 2003, la Administración de Corrección, por conducto de su Comité de Derechos de las Víctimas, le volvió a negar a Santos el beneficio del Programa solicitado. En dicha resolución, se le apercibió al peticionario de su derecho a acudir en revisión judicial ante el Tribunal de Circuito de Apelaciones, de conformidad con la Ley Núm. 170 de 12 de agosto de 1988, o Ley de Procedimiento Administrativo Uniforme (L.P.A.U.).

El 22 de agosto de 2003 Santos recurrió ante el Tribunal de Circuito de Apelaciones. Éste, mediante una resolución notificada el 27 de octubre de 2003, desestimó el recurso referido por falta de jurisdicción, por entender que Santos estaba solicitando la revisión de una decisión administrativa que no había resultado de un procedimiento de adjudicación formal, por lo que no era susceptible de la revisión judicial que establece la L.P.A.U. Según el foro apelativo, el Reglamento de Supervisión Electrónica de la Administración de Corrección sólo establecía un procedimiento adjudicativo formal para la **revocación** del privilegio de supervisión electrónica a aquellos confinados que hubiesen violado las condiciones del programa, pero no establecía tal procedimiento para la **inclusión** del confinado en tal programa, que era una prerrogativa de la Administración de Corrección.

Inconforme con tal dictamen, Santos acudió ante nos mediante una petición de *certiorari,* e hizo los siguientes señalamientos de error:

PRIMER ERROR: Erró el Tribunal de Circuito de Apelaciones al señalar que la Resolución de la Agencia no es revisable. Que el recurrente no tiene derecho a revisar la Resolución formal de una Agencia Administrativa de naturaleza casi judicial.

**SEGUNDO ERROR: Erró el Tribunal de Circuito de Apelaciones al señalar que el proceso de evaluación, de determinación y notificación de Resolución que le advierte al confinado sobre su derecho a revisar no es el producto de un proceso adjudicativo normal.**

**TERCER ERROR: Erró el Tribunal de Circuito de Apelaciones al diferenciar la formalidad del proceso del Comité de Clasificación y Tratamiento *vis a vis* la formalidad del proceso más riguroso de la concesión o no de un desvío a través del Programa de Supervisión Electrónica.**

**CUARTO ERROR: Erró el Tribunal de Circuito de Apelaciones al señalar que la Administración de Corrección por conducto de su Ley Habilitadora ni de sus Reglamentos le imponen un DEBER DE EVALUAR los expedientes de confinados referidos por las Técnicos Socio Penales a cargo de los planes institucionales individualizados de todos los confinados del país.**

**QUINTO ERROR: Erró el Tribunal de Circuito de Apelaciones al interpretar las disposiciones de la Ley Núm. 170 de 12 de agosto de 1988 aplicables al presente caso y dejando así desprovisto al recurrente de foro alguno para revisar las actuaciones, arbitrarias, caprichosa y unilaterales de funcionarios públicos de la Administración de Corrección.**

**SEXTO ERROR: Erró el Tribunal de Circuito de Apelaciones al desestimar el recurso por falta de jurisdicción aún cuando admite que la Administración de Corrección es una de las Agencias cubiertas por la Ley Núm. 170 de 12 de agosto de 1988.**

El 9 de enero de 2004, por voto unánime, le concedimos un término al Procurador General de Puerto Rico para que

mostrara causa, si alguna tuviera, por la cual no debíamos expedir el recurso solicitado, para revisar el dictamen del Tribunal de Apelaciones.

El 4 de marzo de 2004 el Procurador General compareció antes nos, según se le había requerido.

III

En síntesis, el caso de autos nos requiere determinar si la decisión recurrida es revisable ante el Tribunal de Circuito de Apelaciones mediante el procedimiento establecido en la L.P.A.U.

El Art. 5(e) de la Ley Orgánica de la Administración de Corrección, Núm. 116 de 22 de julio de 1974, según enmendada, 4 L.P.R.A. sec. 1112(e), autoriza a dicha agencia a establecer un programa de supervisión electrónica mediante el cual los confinados que cualifiquen y voluntariamente acepten participar, podrán cumplir su sentencia fuera de la institución correccional. En virtud de dicha autorización, la Administración adoptó el Reglamento 5065 de Supervisión Electrónica de 28 de febrero de 1994. Posteriormente, se adoptó el nuevo Reglamento Núm. 6041 de 21 de octubre de 1999, para establecer el procedimiento para el Programa de Supervisión Electrónica. Para delitos cometidos antes del 27 de octubre de 1999, como en el presente caso, se aplica el Reglamento de 1994.[6]

---

[6] Véase, Orden Administrativa AC-2001-12 de 15 de mayo de 2001.

El Reglamento 5065 establece cuáles son los criterios, condiciones y requisitos para que un confinado sea elegible para dicho programa, así como para revocar la participación en el mismo. De este modo, el confinado que interese participar en este programa, y cualifique para ello, tiene derecho a ser elegido, en virtud de dicho Reglamento.

El peticionario Santos solicitó la participación en dicho programa. El Comité de Derechos de las Víctimas de la Administración de Corrección, después de efectuar una vista, y tras realizar una evaluación del caso, emitió una resolución, que contenía las determinaciones de hechos y conclusiones de derecho a las que llegó dicho Comité, conforme a la investigación realizada y a la información obtenida referente al peticionario. El Comité referido determinó no conceder el privilegio de supervisión electrónica por entender que Santos no se encontraba preparado para el beneficio solicitado. En la resolución se apercibía a Santos de su derecho a acudir mediante recurso de revisión ante el Tribunal de Circuito de Apelaciones, de conformidad con lo dispuesto en la L.P.A.U.

El Tribunal de Circuito de Apelaciones determinó que no tenía jurisdicción para revisar la resolución recurrida, por entender que ni el Reglamento 5065 ni la Ley núm. 116, *supra*, establecen que la Administración de Corrección tenga el deber de evaluar a un confinado para incluirlo en el Programa de Supervisión Electrónica. Además, el Tribunal de Circuito de Apelaciones determinó que, aunque la Administración de Corrección es una de las agencias

cubiertas por la L.P.A.U., dicha ley sólo provee para la revisión judicial de decisiones tomadas mediante un procedimiento de adjudicación formal establecido por ley o reglamento. Resolvió, como se ha señalado antes, que la inclusión de un confinado en el Programa en cuestión era una prerrogativa de la Administración de Corrección, que no resultaba de un procedimiento adjudicativo formal, por lo que la L.P.A.U. no aplicaba aquí. **Erró dicho foro al resolver como lo hizo.**

Aunque la concesión del beneficio en cuestión sea discrecional de la agencia, ello no impide la revisión judicial de la determinación de la agencia que deniega el beneficio, **para asegurar que dicha denegación no sea injusta o caprichosa, o que la agencia no actuó abusando de su discreción.** El confinado tiene derecho a solicitar la revisión de la determinación de la agencia, si entiende que, siendo elegible y cualificando para el beneficio en cuestión, éste se le ha denegado erróneamente. Por otro lado, debe considerarse que el procedimiento de evaluación formal que establece el Reglamento de Supervisión Electrónica que aquí nos concierne constituye una adjudicación, en el sentido dispuesto en la sección 1.3(b) de la L.P.A.U., 3 L.P.R.A. sec. 2102(b). Esta disposición de la L.P.A.U. establece que el término adjudicación significa **<u>cualquier pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que corresponden a una parte</u>.** Ello es precisamente lo que ha ocurrido aquí.

La Administración de Corrección es una de las agencias cubiertas por la L.P.A.U., y ésta actuó aquí a través de su Comité de Derechos de las Víctimas. En la propia resolución recurrida se hacía constar el derecho del confinado a solicitar la revisión de la denegatoria en cuestión, conforme al procedimiento dispuesto en la L.P.A.U. La propia Administración de Corrección entendió correctamente que el procedimiento de revisión establecido en la L.P.A.U., aplicaba a la resolución recurrida, a los fines de garantizarle el debido proceso de ley a Santos, y evitar un estado de indefensión de éste ante una posible violación de su derecho a participar en el beneficio solicitado. La decisión del foro apelativo dejaría a Santos desprovisto de remedios ante cualquier actuación injusta o arbitraria de la agencia. Le niega al peticionario el debido proceso de ley.

El Procurador General afirmó en su escrito ante nos que la determinación del Comité de Víctimas denegando el beneficio de supervisión electrónica en el caso de autos era sólo una "recomendación" y no una adjudicación final, y que por ello el peticionario debió acudir ante el Secretario del Departamento de Correcciones para impugnar la "recomendación" del Comité, antes de recurrir al foro apelativo. El Procurador General apoyó su argumentación en lo dispuesto en 4 L.P.R.A. sección 1275(b)(1). Sin embargo, la disposición citada sólo provee un medio de revisión de las determinaciones del Comité aludido para las **víctimas** de delito. Su claro texto no admite ninguna otra interpretación. El peticionario no es una víctima de delito,

sino más bien un **convicto** de delito, por lo que evidentemente no le aplica la disposición citada. Más aun, surge del expediente del caso que para el tiempo cuando sucedieron los hechos que aquí nos conciernen, **el Comité aludido era en efecto el que decidía los casos de supervisión electrónica**. Poco después, el Administrador de Correcciones ordenó que no se refiriesen tales casos al Comité, a partir del 12 de agosto de 2003, pero hasta entonces era el Comité el que decidía tales casos con finalidad. Sobre esto no puede haber duda alguna.

Es por todo lo anterior que este Foro ha debido dejar sin efecto la errada Resolución del Tribunal de Apelaciones impugnada aquí, tal como lo intimamos inicialmente, y devolver este asunto a dicho foro para que procediera a la revisión aludida, extendiéndole así al peticionario el debido proceso de ley. Como la mayoría decide ahora de otro modo, que considero desacertado, **yo disiento**.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO