ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **LÉRIDA I. RÍOS MENDOZA**<br><br>Recurrente<br><br>v.<br><br>**OFICINA DE GERENCIA DE PERMISOS**<br><br>Recurrida | KLRA202400471 | **REVISIÓN** procedente del **Departamento de Desarrollo Económico y Comercio Oficina de Gerencia de Permisos**<br><br>Caso Núm.: **2022-460231-PU-177152**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparece ante nos, *en pauperis* y por derecho propio,[1] la señora Lérida I. Ríos Mendoza (Sra. Ríos Mendoza). Mediante solicitud de revisión judicial, presentada el 23 de agosto de 2024, titulada *Documento de Apelación*, la Sra. Ríos Mendoza nos ha solicitado que revisemos la determinación de la Oficina de Gerencia de Permisos (OGPe), adscrita al Departamento de Desarrollo Económico y Comercio (DDEC).[2]

Por los fundamentos que discutiremos a continuación, desestimamos el recurso presentado por incumplimiento craso con el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B.

---

[1] Se autoriza su comparecencia en forma *pauperis* y por derecho propio.
[2] Prescindimos de la comparecencia de la parte apelada con el propósito de lograr el más justo y eficiente despacho del caso ante nuestra consideración y proveer el más amplio acceso al Tribunal. Regla 7 (B) (5), Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).

Número Identificador
SEN2024 _____

## I.

El 23 de agosto de 2024, la Sra. Ríos Mendoza presentó un recurso apelativo ante este Tribunal, acompañado por:

1. *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.*

2. *Documento de Apelación.*

3. Las primeras tres (3) páginas de once (11) del *Informe de Vista Pública*, producto de la División Legal de la OGPe, para el caso número 2022-460231-PU-177152.

4. Copia de una carta enviada por la Sra. Ríos Mendoza a la OGPe, fechada el 13 de diciembre de 2022, informando la presentación de una querella en contra de "Del Campo Cuisin INC.", número de solicitud 2022-460231-[PU]-177152.

5. Una captura de pantalla de *Datos de la Querella* del "Single Business Portal" del DDEC relacionada con el trámite número 2022-SRQ-012314.

6. Una captura de pantalla de *Información del Querellante* del "Single Business Portal" del DDEC relacionada con el trámite número 2022-SRQ-12314, en la que aparecen los datos de la Sra. Ríos Mendoza.

7. Una captura de pantalla de *Información del Querellado* del "Single Business Portal" del DDEC relacionada con el trámite número 2022-SRQ-012314, con los datos de la señora Carmen Reyes.

8. Una captura de pantalla de *Todas las Notas Asociadas* con la Querella 2022-SRQ-012314, en la que se desprende que el 3 de febrero de 2023, se refirió la Querella 2022-SRQ-012314 para archivo.

9. Una captura de pantalla de un listado de los documentos de trámite, detalles de pagos y observaciones en la Querella 2022-SRQ-012314.

10. Una *Notificación de Archivo* de la Querella 2022-SRQ-012314 por parte del Director del Negociado de Querellas de la Junta de Planificación, fechada el 3 de febrero de 2023.

11. Una serie de fotos sin descripciones.

Los documentos antes mencionados constituyen la totalidad del expediente presentado en el recurso apelativo. Destacamos que la única información que surge del expediente que nos permita auscultar nuestra jurisdicción es la fecha de presentación del recurso apelativo en el Tribunal de Apelaciones.

En el *Documento de Apelación,* la Sra. Ríos Mendoza nos informa que la apelación presentada está relacionada con el caso número "2022-460231-PU-177152". Dicho caso fue atendido por *Informe de Vista Pública* presentado como parte del expediente. Forzoso para nuestra revisión, **el documento presentado está incompleto**, únicamente conteniendo las primeras tres (3) páginas con determinaciones de hecho y una (1) conclusión de derecho. Es aparente que falta gran parte del documento, puesto que no contamos con la parte dispositiva del mismo ni tampoco con la fecha en la que se notificó el *Informe.* Tampoco contamos con información sobre alguna determinación por parte de la OGPe que le cause un daño real a la Sra. Ríos Mendoza.

**II.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico de 2017, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo pertinente a la apelación de las determinaciones de las agencias y entidades administrativas. Siendo la OGPe una entidad administrativa del Gobierno de Puerto Rico, la misma está cobijada por las disposiciones de la LPAU. Nuestro Tribunal Supremo, en su interpretación de la LPAU, ha resuelto que **para que pueda ser revisable una decisión administrativa, esta tiene que constituir una adjudicación formal**. *Santos Serrano v. ELA*, 162 DPR 870 (2004). La posibilidad de revisión se presenta contra decisiones finales. Es por ello, que es prematura, por ausencia de jurisdicción, un recurso judicial presentado para impugnar una determinación de un oficial examinador, pues este no es un funcionario autorizado para dictar resoluciones finales. *Padilla Falú v. Administración de Vivienda,* 155 DPR 183 (2001); *Rodríguez Díaz v. Zegarra,* 150 DPR 649 (2000).

Jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Gearheart v. Haskell*

*Burress*, 87 DPR 57, 61 (1963). En Puerto Rico, "jurisdicción significa la potestad de aplicar las leyes en asuntos civiles y criminales, declarando, juzgando y haciendo ejecutar lo juzgado". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6.ᵗᵃ ed. rev., San Juan, LexisNexis de Puerto Rico, Inc., pág. 33. Nuestros tribunales de justicia son foros de jurisdicción general, lo que significa que pueden atender todo tipo de controversia, salvo que carezcan de jurisdicción sobre la materia. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Tan importante es la jurisdicción sobre la materia que su falta es mortal para cualquier reclamo ante los tribunales de justicia. Los tribunales tenemos un deber de examinar nuestra jurisdicción, incluso cuando la falta de jurisdicción no haya sido planteada por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015).

La Sección 4.2 de la LPAU, *supra*, dispone que **la parte que solicite la revisión judicial de una determinación administrativa tendrá que presentar el recurso apelativo dentro del término de treinta (30) días contados a partir de la fecha de la notificación de la orden o resolución final de la agencia**. Dicho término es jurisdiccional. **Los requisitos impuestos por la LPAU para el proceso de revisión judicial tienen carácter de naturaleza jurisdiccional, por lo que deben ser cumplidos de manera rigurosa** antes de la presentación de un recurso apelativo. *COSVI v. CRIM*, 193 DPR 281 (2015). Por esto, se ha resuelto que la **revisión judicial se realizará a base del expediente administrativo que sea confeccionado como parte del proceso administrativo**. *Rodríguez v. Junta de Directores del Condominio Monte Sur*, 144 DPR 742 (1998).

Cónsono con lo resuelto con relación a los requisitos de la LPAU, el Reglamento del Tribunal de Apelaciones, *supra*, exige cumplimiento con las Reglas 56 a 67, relacionadas con la

presentación de un recurso de revisión judicial. En específico la Regla 57 dispone que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia". La Regla 58 dispone que la parte recurrente notificará el escrito de revisión a la agencia, y los abogados de récord del trámite administrativo o, en su defecto, a las partes, dentro del término para presentar el recurso. La parte recurrente debe hacer constar dicha notificación. La Regla 59 (E) dispone que el escrito de revisión judicial deberá contener un apéndice que incluya, entre otros: las alegaciones de las partes ante la agencia; la orden, resolución o providencia administrativa objeto del recurso de revisión, incluyendo las determinaciones de hecho y conclusiones de derecho en que esté fundada; y, cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil para la resolución de la controversia.

Al carecer de la información requerida por el Reglamento del Tribunal de Apelaciones, este Tribunal se ve imposibilitado de auscultar su propia jurisdicción. En consecuencia, procedemos a desestimar el recurso presentado por incumplimiento craso con las Reglas de este Tribunal.

**III.**

Por los fundamentos antes mencionados, desestimamos el recurso de revisión judicial presentado ante nos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones