NORMAN R. GEARHEART, ETC., demandantes y recurrentes, *v.* EUGENE HASKELL BURRESS y U. S. FIDELITY AND GUARANTY COMPANY, demandados y recurridos.

Número: 438 Resuelto: 2 de enero de 1963

58

*José Veray, Jr.,* y *Harvey A. Miller,* abogados de los recurrentes; *Enrique Báez García,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Patricia Joyce, oriunda de Ohio, vino a Puerto Rico de paseo el día 3 de octubre de 1958 y permaneció aquí hasta el 15 de enero de 1959. Ella contrajo matrimonio con Norman R. Gearheart en Cincinnati, Ohio, el 13 de agosto de 1955 y establecieron su domicilio en Auburn, Indiana.

El día 7 de diciembre de 1958, mientras dicha Patricia Joyce Gearheart paseaba a caballo por una de las calles de la Base Ramey de Aguadilla fue arrollada por un automóvil conducido por su dueño, Eugene Haskell Burress. Tanto Patricia como el caballo perteneciente a Peter Wheeler, sufrieron lesiones.

En noviembre 30 de 1959, Norman R. Gearheart, en su carácter de administrador de la Sociedad de Gananciales constituida con su esposa Patricia Joyce Gearheart y Peter Wheeler radicaron demanda en la Sala de Aguadilla del Tribunal Superior de Puerto Rico, contra Eugene Haskell Burress y U. S. Fidelity & Guaranty Co., compañía aseguradora del automóvil de Haskell, reclamándoles el resarcimiento de los daños y perjuicios que alegaron haber sufrido con motivo del accidente antes mencionado.

El demandado Haskell fue emplazado en la Base Ramey y la compañía aseguradora en la ciudad de Mayagüez.

La parte demandada compareció ante dicho tribunal y radicó una "Moción de prórroga para contestar". Alegó en dicha moción que con el propósito de obtener información para contestar la demanda, la parte demandada había sometido a la parte demandante un interrogatorio y solicitó se le concediera una prórroga de 10 días para contestar la demanda, a contar desde la fecha en que la parte demandante radicara la contestación al interrogatorio. Dicha prórroga le fue concedida.

El interrogatorio fue contestado por Patricia Joyce. La parte demandada compareció nuevamente ante el Tribunal y alegó que el interrogatorio había sido dirigido a Norman R. Gearheart personalmente y no a su esposa, por lo que solicitó del Tribunal que ordenara a Gearheart a contestar dicho interrogatorio y que mientras tanto se eximiera a la parte demandada de contestar la demanda. Luego de declararse con lugar esta moción, Gearheart contestó el interrogatorio.

La parte demandada radicó entonces una moción para desestimar la demanda, alegando como fundamentos "(1) Que la demanda en este caso no aduce hechos suficientes para constituir una causa de acción a favor de la demandante y en contra de los demandados, y (2) Que este Tribunal no tiene jurisdicción sobre el sitio donde ocurrió el accidente."

El tribunal de instancia declaró con lugar dicha moción por los dos fundamentos expuestos en la misma y luego, al resolver una moción de reconsideración dictó sentencia final desestimando la acción.

### FALTA DE JURISDICCIÓN

El tribunal a quo se declaró sin jurisdicción fundándose en el siguiente razonamiento: "En cuanto a la cuestión jurisdiccional envuelta, careciendo el tribunal insular de ju-

risdicción para conocer de la acción, por ocurrir la transacción en terrenos que forman parte de una reservación militar de Estados Unidos, la sumisión de las partes nunca podrá concederle esa jurisdicción."

■ El término "Jurisdicción" significa el poder o autoridad de un tribunal para considerar y decidir casos o controversias. *Rodríguez* v. *Registrador*, 75 D.P.R. 712; *In re National Labor Relations Board*, 304 U.S. 486, 82 L. Ed. 1482; *Geneva Furniture Mfg. Co.* v. *Karpen*, 238 U.S. 254, 59 L. Ed. 1295; *Riggs* v. *Johnson County*, 18 L. Ed. 768; *Thompson* v. *Terminal Shares*, 89 F.2d 652; *Dyer* v. *Stauffer*, 19 F.2d 922; *Stokes* v. *Adair*, 265 F.2d 662.

La Sala de Aguadilla del Tribunal Superior, es un tribunal de jurisdicción general—Sec. 10 Ley de la Judicatura de 1952—, y tenía competencia para conocer de la acción interpuesta en este caso por la parte demandante. Secs. 10 y 13 Ley de la Judicatura. Teniendo competencia sobre la materia y jurisdicción sobre las partes tenía poder y autoridad para conocer y resolver una acción personal de daños y perjuicios. Sin embargo el tribunal a quo resolvió que aunque tenía competencia sobre la materia y hubo sumisión de las partes, carecía de jurisdicción por razón del sitio donde surgió la causa de acción. Este pronunciamiento es erróneo.

Las partes no discuten el hecho de que los Estados Unidos de América tiene jurisdicción exclusiva sobre los terrenos de la Base Ramey de Aguadilla. (¹) El status de dicha Base en cuanto al poder exclusivo de legislación del Congreso de los Estados Unidos fue indudablemente lo que indujo al Tribunal de instancia a declararse sin jurisdicción.

---

(¹) Los Estados Unidos de América adquirió los terrenos de la Base Ramey para uno de los fines dispuestos en el Art. 1, Sec. 8, cláusula 17 de la Constitución de los Estados Unidos y de conformidad con el consentimiento prestado para ello por El Pueblo de Puerto Rico en virtud de la Ley de 16 de febrero de 1903. Véase *Moore* v. *Corte*, 59 D.P.R. 620, en cuanto a la exclusividad de la jurisdicción de Estados Unidos en los terrenos usados para bases navales o militares.

■ Una acción por daños personales es de carácter transitorio y como regla general puede ejercitarse en cualquier corte con competencia sobre la materia y jurisdicción sobre las partes una vez creado el derecho a reclamar los daños e impuesta la responsabilidad legal de repararlos. *Balbás* v. *Luce*, 47 D.P.R. 936; *Ormsby* v. *Chase*, 290 U.S. 387, 78 L. Ed. 378; *Ohio River Contract Co.* v. *Gordon*, 61 L. Ed. 997; *Atchison*, *T. & S. F. R. Co.* v. *Sowers*, 53 L. Ed. 695; *Solomon* v. *Atlantic Coast Line R. Co.*, 46 S.E.2d 369; *Dennick* v. *Central R.R. Co.*, 26 L. Ed. 439; 92 C.J.S. 677; *Rose* v. *Phillips Packing Co.*, 21 F. Supp. 485.

En su consecuencia corresponde determinar si se ha creado por ley una causa de acción a favor de la persona que sufre daños personales ocasionados por la negligencia de otra en los terrenos de la Base Ramey.

Por ley de Febrero 1 de 1928, 45 Stat. 54, United States Code, Título 16, Sección 457, el Congreso de Estados Unidos dispuso:

"En el caso de la muerte de una persona por la negligencia o acto culposo de otra dentro de un parque nacional u otro sitio sujeto a la jurisdicción exclusiva de los Estados Unidos, localizado éste dentro de los límites exteriores de cualquier Estado, dicha causa de acción existirá como si el lugar estuviere bajo la jurisdicción del Estado dentro de cuyos límites se encuentra; y en cualquier acción instada para recobrar por lesiones personales sufridas en cualesquiera de dichos sitios, los derechos de las partes se regirán por las leyes del Estado dentro de cuyos límites se encuentra dicho sitio."(²)

---

(²) Independientemente de las disposiciones de este estatuto del Congreso, el Tribunal Supremo de Estados Unidos había establecido la doctrina de que cuando el poder legislativo sobre un territorio se transfería de una soberanía a otra, las leyes existentes en la soberanía cedente para la protección de los derechos privados que no fueran inconsistentes con las leyes de la nueva soberanía, continuaban en vigor hasta que fueran derogadas o enmendadas por la nueva soberanía. *Chicago Rock Island & Pacific Ry. Co.* v. *McGlinn*, 114 U.S. 542. En esta forma se aseguraba que cualquier territorio, por pequeño que fuera, no quedaba sin leyes que regularan los derechos privados. Véase al mismo efecto *Matcr* v. *Holley*, 200 F.2d 123; *McCarthy* v. *R. G. Packard Co.*, 94 N.Y. Supplement 203; *Stewart & Co.* v. *Sadrakula*, 309 U.S. 94.

 Aunque el estatuto citado solamente hace referencia a las colindancias exteriores de cualquier Estado, ello no implica que excluya a los sitios bajo la jurisdicción exclusiva de Estados Unidos que radiquen dentro del límite territorial de la Isla de Puerto Rico y que por lo tanto dicho estatuto no sea de aplicación al Estado Libre Asociado de Puerto Rico. Considerando el contexto de esa ley particular del Congreso creemos que la palabra Estado tiene una connotación más amplia que la de un estado de la Unión Federal y que es aplicable también al Estado Libre Asociado de Puerto Rico. Véase *Mora* v. *Mejías*, 206 F.2d 377; *Andrés* v. *United States*, 333 U.S. 740. Resolvemos, por tanto, que bajo el citado estatuto federal el derecho sustantivo que crea la causa de acción a favor de las personas que sufran daños en la Base Ramey a consecuencia del acto u omisión de otra interviniendo culpa o negligencia, son las disposiciones de nuestro Código Civil que tratan de las obligaciones que nacen de culpa o negligencia, o sea, el Art. 1802 y siguientes de dicho Código. (31 L.P.R.A., sec. 5141 y siguientes.)

En el caso de *Ohio River Contract Co.* v. *Gordon*, supra, el Tribunal Supremo de los Estados Unidos resolvió que siendo transitoria una acción de daños personales sufridos en una reservación bajo la jurisdicción exclusiva de los Estados Unidos, podía ejercitarse en una corte estatal que tuviera jurisdicción sobre el demandado.

En el de *Chicago Rock Island & Pacific Ry. Co.* v. *McGlenn*, 114 U.S. 542, se sostuvo la procedencia de una acción en una corte estatal por la muerte legal de una vaca dentro de una reservación militar.

En *Madden* v. *Arnold*, 47 N.Y. Supplement, 757, se sostuvo que podía mantenerse una acción de daños en los tribunales estatales aunque el daño hubiera ocurrido en un territorio bajo la jurisdicción exclusiva de los Estados Unidos, y que a los fines de la jurisdicción de dichas cortes era

igual que si el daño hubiera ocurrido dentro del territorio de cualquier otro Estado.

En *Kitchens* v. *Duffield*, 76 N.E.2d 101, se resolvió que bajo el estatuto federal una acción para recobrar daños personales sufridos en una colisión de automóviles ocurrida dentro de los límites de una base aérea localizada en Ohio, se regía por la ley de Ohio.

Resuelta así la cuestión jurisdiccional pasaremos a considerar la de

### FALTA DE CAUSA DE ACCIÓN

■ Es doctrina bien establecida que en materia procesal rige como regla general la ley del foro (*lex fori*).[3] De suerte que independientemente del estatuto federal que declara aplicable la ley local a los derechos privados de las personas residentes en territorio bajo la jurisdicción exclusiva de Estados Unidos, el ejercicio de la acción interpuesta por la parte demandante de nuestros tribunales, se rige en su aspecto adjetival por nuestras leyes procesales.

La demanda, según hemos visto, fue interpuesta por Gearheart en su carácter de administrador de la Sociedad de Gananciales con su esposa Patricia. La alegación sexta dice así: "Como consecuencia del referido accidente el demandante estima que los daños y perjuicios causados a la sociedad de gananciales por las lesiones recibidas por su esposa Patricia Joyce Gearheart tienen un valor de $10,000."

En la súplica se solicita del tribunal que condene a los demandados a pagarle mancomunada y solidariamente al demandante Norman R. Gearheart, la suma de $10,000 por concepto de daños y perjuicios.

---

(3) 1 Beale, *Conflict of Laws*, Sec. 8 A. 28 (N.Y. 1935); 11 Am. Jur., Sec. 186, pág. 498; 15 C.J.S., pág. 877; *Worthington* v. *Worthington*, 352 S.W.2d 80, (Ark. 1962); *Scott* v. *Jones*, 334 S.W.2d 742, (Mo. 1960); *Lutz* v. *Boas*, 176 A.2d 853, (Del. 1961); *Barrett* v. *Boston & Maine Railroad*, 178 A.2d 291 (N.H. 1962).

■ Es indudable que la llamada sociedad de gananciales entre Gearheart y su esposa Patricia es la parte demandante en este caso. En Puerto Rico la sociedad legal de gananciales es una entidad separada y distinta de la de los cónyuges que la integran. (⁴) Y ya hemos resuelto que cuando una esposa recibe daños personales, la acción judicial para su resarcimiento es de carácter ganancial. (⁵) Siendo el marido el administrador de los bienes de la sociedad de gananciales, es él quien debe comparecer en las acciones que correspondan a la sociedad. *Valiente & Cía.* v. *Corte,* 68 D.P.R. 529. Como la mujer casada necesita el concurso de su marido para ejercitar una causa de acción que pertenezca a la sociedad legal de gananciales, (⁶) si comparece sola, cuando no median las excepciones establecidas por ley, la demanda no aduce hechos constitutivos de una causa de acción. *Serrano* v. *González,* 68 D.P.R. 623.

■ Pero la dificultad con que se encuentra la parte demandante en este caso consiste en que ni en el Estado donde Gearheart contrajo matrimonio ni en el Estado donde el matrimonio ha establecido su domicilio existe la sociedad de gananciales. (⁷) Tampoco podría afirmarse correctamente que la presencia de cualesquiera de los cónyuges en Puerto Rico, sea suficiente para que el matrimonio se rija por nuestras disposiciones sustantivas referentes al régimen ganancial. (⁸)

---

(⁴) *Echevarría* v. *Despiau,* 72 D.P.R. 472; *Rivera* v. *Casiano,* 68 D.P.R. 190; *Robles* v. *Guzmán,* 67 D.P.R. 718; *Pérez* v. *Registrador,* 62 D.P.R. 789.

(⁵) *Flit* v. *White Star Bus Line, Inc.,* 49 D.P.R. 144; *Vázquez* v. *Porto Rico Railway, Light & Power Co.,* 35 D.P.R. 62.

(⁶) *Fernández* v. *Condado Beach Hotel,* 72 D.P.R. 941.

(⁷) Los Estados donde existe la sociedad de gananciales son Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Oklahoma, Oregon, Texas y Washington. Keezer, *Marriage and Divorce,* capítulo 16, págs. 31–32.

(⁸) La sociedad de gananciales empezará precisamente el día de la celebración del matrimonio. Cualquier estipulación en sentido contrario se tendrá por nula. Art. 1296 del Código Civil (Ed. 1930) 31 L.P.R.A.,

De suerte que es un hecho irrefutable que entre Gearheart y su esposa no existe una sociedad de gananciales.

La Regla 15.1 de Procedimiento Civil dispone que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama. ¿Quién tiene el derecho que se reclama en este caso? Si el matrimonio se hubiera contraído sujeto al régimen ganancial correspondería a la sociedad ese derecho y el pleito habría que tramitarlo a su nombre. Si en ley no existe la sociedad, una mera alegación en la demanda de su existencia, no le da vida, ni puede crear una entidad con capacidad jurídica para demandar y ser demandada. Ya expusimos que en Puerto Rico la acción por daños personales sufridos por uno de los cónyuges pertenece a la sociedad de gananciales; pero esto es así cuando tal sociedad tiene existencia jurídica. Por el contrario, la acción, siendo un bien mueble por disposición de ley(9) corresponde al cónyuge que sufre el daño personal por tratarse de sus bienes propios cuando el matrimonio no está sujeto al régimen ganancial. Para estos casos, nuestra ley procesal dispone que la mujer casada no necesita el concurso de su marido para demandar. Regla 15.3 de Procedimiento Civil. De suerte que nuestras leyes de enjuiciamiento disponen la manera de tramitar un pleito tanto cuando el derecho pertenece a la sociedad legal de gananciales como cuando pertenece a uno de los cónyuges. En el primer caso, la mujer no puede demandar sin el concurso de su marido(10) pero en el segundo caso, las Reglas de Procedimiento Civil la autorizan a demandar por ser ella la persona que por ley tiene el derecho que se reclama, o sea, que en una reclamación por daños personales sufridos por una mujer casada bajo un ré-

---

sec. 3622. Ni siquiera puede pactarse que empieza antes ni que empieza después. 9 Manresa, *Código Civil Español*, 478.

(9)Art. 268 del Código Civil [31 L.P.R.A., sec. 1064]; *Bravo* v. *Corte de Distrito*, 34 D.P.R. 792.

(10)*Fernández* v. *Condado Beach Hotel*, 72 D.P.R. 941.

gimen no ganancial, la mujer es la parte interesada y a su nombre debe tramitarse el pleito.

En vista de lo expuesto anteriormente concluimos que el tribunal de instancia no cometió error al desestimar la demanda interpuesta por Gearheart como Administrador de la Sociedad de Gananciales. El error sin embargo, fue cometido en relación con la causa de acción de Peter Wheeler.

*En su consecuencia revocaremos dicha sentencia en cuanto a Wheeler y la confirmaremos en cuanto a la otra co-demandante.*