Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *PASCUAL CRUZ CINTRÓN*<br><br>*Apelado*<br><br><br>v.<br><br><br>LIMARIE RODRÍGUEZ CORREA<br><br>*Apelante* | KLCE202201416 | *Certiorari,* acogido como apelación, procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DI2012-0549<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la señora Limarie Rodríguez Correa (señora Rodríguez Correa o parte apelante), mediante recurso de *certiorari* que hemos acogido como una apelación[1] y nos solicita que revoquemos la *Resolución*[2] emitida por el Tribunal de Primera Instancia, Sala de Ponce (TPI o foro primario), el 22 de septiembre de 2022 y notificada ese mismo día[3]. En el referido dictamen, el foro primario aprobó el Acta-Informe de la examinadora de pensión alimentaria (EPA), la cual estableció una pensión básica de $458.26 y un retroactivo al 25 de junio de 2021 contra la parte apelante.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de *certiorari, acogido como una apelación,* por ser uno prematuro.

### I.

La parte apelante nos solicita nuevamente la revisión de la *Resolución* emitida por el TPI el 22 de septiembre de 2022, en esta

---

[1] Para fines de economía procesal, hemos decidido conservar la clasificación alfanumérica asignada por la Secretaría de este Tribunal.
[2] Véase Apéndice 23 del Recurso.
[3] Véase Apéndice 1, del Recurso.

Número Identificador
SEN2023_____

ocasión nos trae como nuevos fundamentos jurisdiccionales a saber; que el 7 de octubre de 2022, la parte apelada presentó *Solicitud de Desacato, reconsideración e imposición de honorarios de abogado* [4], no obstante, advino en conocimiento de la misma cuando el 28 de octubre de 2022 fue a revisar el expediente en secretaria del TPI, por lo que presentó su *Oposición a Desacato, reconsideración e imposición de honorarios de abogado*[5] el 2 de noviembre de 2022.

Inconforme con la determinación del Tribunal de Primera Instancia, el 27 de diciembre de 2022, la parte apelante presentó el recurso que nos ocupa y formuló los siguientes señalamientos de error:

*Primer Error*: Erró la Examinadora de Pensiones Alimentarias del TPI, al determinar que el demandante tenía custodia monoparental a favor del menor Pascual Cruz Rodríguez y ver la vista de pensión sin jurisdicción o poder para ello.

*Segundo Error*: Erró la EPA del TPI, al determinar que el demandante tenía custodia monoparental a favor del menor PCR, establecer una fecha de retroactividad y ver la vista de pensión sin jurisdicción o poder para ello.

*Tercer Error*: Erró la EPA del TPI, al emitir ACTA-INFORME y establecer una pensión alimentaria a la parte aquí recurrente basada en las Planillas Informativa Personal y económica del demandante - sin incluir a la parte indispensable, la esposa del demandante-recurrido y por ende obviar esos ingresos económicos.

*Cuarto Error*: Erró el TPI al dictar Resolución aprobando el ACTA-INFORME de la Examinadora de Pensiones y establecer una pensión alimentaria a la parte aquí recurrente, basado en la PIPE del demandante - imputando un salario a la demandada exagerado, sin prueba suficiente, confiable y/o sin considerar el récord del Tribunal y obviamente sin ninguna base o fundamento.

*Quinto Error*: Erró el TPI al dictar Resolución aprobando ACTA-INFORME de la EPA cuando se violó el debido proceso de ley en la vista y la determinación.

*Sexto Error*: Erró el TPI al dictar Resolución aprobando el ACTA–INFORME de la EPA y establecer una pensión alimentaria cuando medió una mala apreciación de la prueba.

El 18 de enero de 2023, este foro apelativo le concedió un plazo de diez (10) días a la parte apelada para someter su posición sobre el recurso presentado, ordenamos la elevación de los autos y

---

[4] Véase *Certiorari*, Apéndice 2.
[5] Véase *Certiorari*, Apéndice 3.

acreditar la notificación del recurso de apelación a la parte apelada, de conformidad a la Regla 13 (B)(1) y 14 del Reglamento del Tribunal de Apelaciones[6]. Asimismo, el 6 de febrero de 2023, la parte apelada presentó su Alegato y Solicitud de Desestimación. Entre otras cosas, sostuvo que la *Solicitud de Desacato, reconsideración e imposición de honorarios de abogado*[7], no estaba cuestionando determinación alguna relacionada a la Resolución emitida el 22 de septiembre de 2022.

Con el beneficio de la comparecencia de las partes, procedemos a exponer el derecho aplicable a la controversia ante nos.

**II.**

**-A-**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción[8]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos la facultad para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos con preferencia[9].

El Tribunal Supremo ha definido la "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[10]. En los casos en que los tribunales carecen de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[11]. De no hacerlo, la determinación sería nula, por lo que carecería de

---

[6] 4 LPRA Ap. XXII–B, R. 13 (B)(1) y R. 14.
[7] Véase Certiorari, Apéndice 2.
[8] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[9] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).
[10] *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).
[11] *Íd.*

eficacia[12]. La Regla 83 del Reglamento del Tribunal de Apelaciones[13] autoriza a este Tribunal para que, a iniciativa propia o a solicitud de parte, desestime un recurso por falta de jurisdicción.

Un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de la falta de jurisdicción. Como tal su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo no ha nacido autoridad judicial o administrativa alguna para acogerlo y menos para conservarlo.

**III.**

Al examinar con detenimiento el expediente ante nuestra consideración, advertimos que, la parte apelante recurre de la Resolución del 22 de septiembre de 2022; de esa resolución el apelado presentó *Oposición a Desacato, Reconsideración e Imposición de Honorarios de Abogado y a su Vez Solicitud de Desacato Contra el Demandante*, en la cual el TPI el 21 de noviembre de 2022 dispuso de la siguiente manera: **Enterado de la posición de la demandada. No ha lugar al Desacato y la imposición de honorarios de abogado. Se discutirá en vista del 28 de noviembre de 2022.** Ante ello, colegimos que no existe una Resolución para revisar. En consecuencia, corresponde devolver el presente caso al Tribunal de Primera Instancia para que adjudique y notifique su determinación sobre la reconsideración presentada. Una vez se cumpla con la normativa reglamentaria, se activarán los términos para instar los remedios postsentencia correspondientes, incluyendo el derecho a recurrir en apelación ante este Tribunal de Apelaciones.

Así pues, este tribunal carece de jurisdicción para atender el recurso presentado por ser uno prematuro.

---

[12] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[13] 4 LPRA Ap. XXII-B, R. 83.

**IV.**

Por lo antes expuesto, se ***desestima*** el recurso de epígrafe por falta de jurisdicción[14] por ser prematuro.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

                                Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones

---

[14] 4 LPRA Ap. XXII–B, Regla 83(C).