ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL VI

| YAMIL D. CESÁREO ROSADO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | **KLRA202200689** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: PPP-79-22<br><br>Sobre: Solicitud de remedio administrativo |
|---|---|---|

Panel integrado por su presidente, la Jueza Birriel Cardona, el Juez Bonilla Ortiz y el Juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante este foro -por derecho propio y en *forma pauperis*- el Sr. Yamil D. Cesáreo Rosado (señor Cesáreo). Mediante el recurso de epígrafe, nos reclama la concesión de un estímulo económico federal, de conformidad con el estatuto federal conocido como *Coronavirus Aid, Relief, and Economic Security Act* (CARES Act).

Por los fundamentos que se exponen a continuación, **DESESTIMAMOS** el recurso de epígrafe, por falta de jurisdicción.

**I.**

El 4 de febrero de 2022, la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División de Remedios) de la institución correccional donde el señor Cesáreo se encuentra confinado, recibió una *Solicitud de Remedio Administrativo* instada por este. Ello, al amparo del Reglamento Núm. 8583 del 4 de mayo de 2015, conocido como el *Reglamento para Atender las Solicitudes de*

*Remedios Administrativos Radicadas por los Miembros de la Población Correccional.* En virtud de la mencionada solicitud de remedio, el señor Cesáreo solicitó del Departamento de Corrección la concesión de dinero proveniente de los fondos de ayuda ofrecida como motivo de la pandemia del COVID-19, conforme al estatuto federal conocido como *Coronavirus Aid, Relief, and Economic Security Act* (CARES Act).

Posteriormente, el 27 de diciembre de 2022, el señor Cesáreo presentó el recurso de epígrafe. Mediante este, y sin contar con una adjudicación por parte de la División de Remedios respecto a la solicitud de remedio instada el 4 de febrero de 2022, el señor Cesáreo solicitó de este Tribunal la concesión del remedio.

Por su parte, el 23 de febrero de 2022, la Oficina del Procurador General compareció en representación del Departamento de Corrección y presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* En síntesis, señaló que el señor Cesáreo no formuló señalamiento de error alguno y adujo que procede la desestimación del recurso de epígrafe. Ello, debido a que la solicitud de remedio instada por el señor Cesáreo no ha sido adjudicada, por lo que este no cuenta con dictamen alguno del cual recurrir. Es decir, que nos solicita un remedio cuya concesión no se encuentra comprendida dentro de nuestro ámbito jurisdiccional.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o

controversias". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963). Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia; más aún, cuando tenemos el deber ineludible de examinar prioritariamente nuestra jurisdicción. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión. *Íd*. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia. *Morán v. Marti*, 165 DPR 356, 364 (2005), citando a *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

A nivel apelativo, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este foro a desestimar un recurso apelativo, a solicitud de parte o *motu proprio*, si se satisface alguno de los criterios contenidos en dicha regla. La referida regla dispone, en lo pertinente, lo siguiente:

> [...]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> **(1) que el Tribunal de Apelaciones carece de jurisdicción.**
>
> [...]
>
> (C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar o un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

(Negrillas suplidas).

Es norma reiterada que los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Holdings v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012). Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar. *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

**III.**

Mediante el recurso de epígrafe, el señor Cesáreo solicita de este Tribunal la concesión de un estímulo económico al que asegura tener derecho, de conformidad con el estatuto federal CARES Act. Tal y como argumentó con acierto la Oficina del Procurador General en su comparecencia escrita, este foro revisor carece de jurisdicción para concederle al señor Cesáreo el remedio solicitado. Veamos.

Como indicáramos, y de conformidad con la información provista por la Oficina del Procurador General en el escrito presentado, el 4 de febrero de 2022, el señor Cesáreo instó una *Solicitud de Remedio Administrativo* ante el Departamento de Corrección. En virtud de esta, solicitó el mismo remedio que hoy reclama ante este foro.

Sin embargo, al día de hoy, esta no ha sido adjudicada, por lo que no existe una determinación de la cual recurrir, que le permita al señor Cesáreo formular señalamientos de error que este Tribunal esté en

posición de evaluar. De forma cónsona con lo anterior, es importante destacar que, como norma general, la competencia de este foro es limitada y se circunscribe a la revisión de dictámenes administrativos o de aquellos provenientes del Tribunal de Primera Instancia.[1] Consecuentemente, nos vemos impedidos de conceder el remedio solicitado por el señor Cesáreo mediante el recurso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, se **DESESTIMA** el recurso de epígrafe, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Véase, Artículo 4.006 de la Ley Núm. 203-2003, según enmendada, 4 LPRA sec. 24y.