Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PEDRO ERNESTO VALENTÍN SOBRINO<br><br>Apelante<br><br>V.<br><br>SANDRA T. CAMUÑAS CÓRDOVA<br><br>Apelada | KLAN202300202 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K AC2014-0034 (505)<br><br>Sobre:<br>Liquidación de Sociedad Legal de Gananciales |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

El señor Pedro E. Valentín Sobrino recurre ante este tribunal mediante recurso de apelación. En su recurso cuestiona una Orden emitida por la Comisionada Especial, licenciada Heydee Pagani Padró. Por los fundamentos que explicamos a continuación, adelantamos que no tenemos jurisdicción para atender el reclamo, explicamos.

**I**

**JURISDICCIÓN**

La jurisdicción es la autoridad o el poder inherente conforme al cual los tribunales y funcionarios judiciales consideran y resuelven los pleitos. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico*, 2023 TSPR 6; *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.,* 207 DPR 586, 600 (2021); *Gearhart v. Haskell Burress*, 87 DPR 57, 61 (1963); I. Rivera García, Diccionario de Términos Jurídicos, 2nda edición, New Hampshire,

Número Identificador

SEN2023 _____

Equity, pág. 147. Para adjudicar un pleito los tribunales deben asegurarse de poseer tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico*, supra; *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 2022 TSPR 104. Este análisis por parte del foro judicial es imperativo, de primer orden. Es decir, la primera disyuntiva a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Tanto su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Y es que, en expresiones del fenecido Juez Scalia:

> "[n]othing is accomplished by trying to persuade someone who lacks the authority to do what you´re asking-whether its a hotel clerk with no discretion to adjust your Bill or a receptionist who cannot bind the company to the contract you propose. Persuasion directed to an inappropiate audicence is ineffective." A. Scalia y otros, Making your case, The Art of Persuading Judges, US, Thomson/West, pág. 3.

Y esa inefectividad que acarrea la falta de jurisdicción tiene consecuencias graves en cualquier pleito, pues: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, supra; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372-373 (2018).

La Ley de la Judicatura[1] le confiere jurisdicción al Tribunal de Apelaciones para atender, entre otros, los siguientes asuntos: (a) mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia; (b) mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. ... 4 LPRA 24y. El Tribunal Supremo aprobó las reglas internas que rigen los procedimientos y la organización del Tribunal de Apelaciones, las cuales tienen como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal. ... 4 LPRA 24w. Los recursos de apelación al Tribunal de Apelaciones para revisar sentencias deberán presentarse dentro del término jurisdiccional de 30 días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. En cuanto al recurso de Certiorari para revisar resoluciones u órdenes del Tribunal de Primera Instancia, deberán presentarse dentro del término de cumplimiento estricto de 30 días contados desde la fecha de notificación de la resolución u orden recurrida. 32 LPRA 52.2 (a) y (b); 4 LPRA Ap. XXII-B, Reg. 13 (a) y Reg. 32 (d).

**II**

Es norma reiterada que la evaluación jurisdiccional es el paso inicial que ha de dirigir los actos de cualquier tribunal. Sabiendo las consecuencias de una determinación emitida sin jurisdicción, según detalláramos anteriormente, independientemente de los méritos de la controversia planteada, en ausencia de jurisdicción solo procede la desestimación.

La controversia que presenta el señor Valentín Sobrino se circunscribe a cuestionar la Orden que emitiera la licenciada Heydee Pagani Padró. Esta fue nombrada Comisionada Especial

---

[1] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada.

por el Tribunal de Primera Instancia (TPI) para asistirle en un pleito de Liquidación de Sociedad Legal de Gananciales. La extinta sociedad legal de gananciales la componía el señor Valentín Sobrino y su exesposa, Sandra Camuñas Córdova. En síntesis, la Orden de la Comisionada denegaba la petición de un adelanto que hiciera el señor Valentín Sobrino con cargo a la comunidad de bienes. Según el señor Valentín Sobrino, el caudal cuenta con bienes más que suficientes para permitir el adelanto y, se le han permitido numerosos adelantos a la señora Camuñas Córdova del caudal. También sostiene que existen múltiples mociones ante la consideración del juez que preside los procesos que no se han atendido, específicamente; Mociones en Oposición al "Informe Final Enmendado" de la Comisionada Especial, Moción de Impugnación y Relevo contra la Comisionada Especial y el Rechazo e Impugnación del Informe Final Enmendado.

Como anticipáramos, estamos obligados a desestimar el recurso presentado por varias razones. Primeramente, el Tribunal de Apelaciones es un foro estatuario cuya jurisdicción es delimitada por la Ley de la Judicatura, supra. Esta concede jurisdicción a este tribunal para atender mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia y mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. ... 4 LPRA 24y. La Orden de la Comisionada Especial no es un asunto revisable ante este tribunal conforme la Ley de la Judicatura hasta que el juez que preside el proceso evalué y determiné sobre la misma una vez cuestionada. El señor Valentín Sobrino recurrió ante este tribunal de la Orden sin esperar que el juez que preside el proceso evaluara sobre la misma.

Los argumentos que presenta posteriormente mediante Moción en Cumplimiento de Orden no nos confunden, el récord

está claro. El recurso fue presentado el 6 de marzo de 2023[2], antes de la orden emitida el 8 de marzo de 2023 y notificada al siguiente día. A la fecha de presentación del recurso, la determinación de la Comisionada Especial no se había acogido por el juzgador por lo que no era un asunto para el cual este tribunal tenía jurisdicción.

Segundo y, por los motivos jurisdiccionales antes expresados, no contamos con jurisdicción para revisar mociones o asuntos pendientes de evaluación ante el foro primario, asuntos que no han sido determinados aún.

En fin, el recurso presentado padece del insubsanable defecto de una presentación prematura privándonos de jurisdicción para atender el mismo.

**III**

Por los fundamentos antes expuestos, se desestima por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] La deficiencia de los aranceles requeridos para la presentación del recurso fue corregida el 9 de marzo de 2023 a la 1:17 pm, luego de múltiples llamadas de la secretaria del Tribunal de Apelaciones para que se corrigiera la deficiencia. La notificación del TPI acogiendo la Orden de la Comisionada Especial fue notificada el 9 de marzo a las 4:41 pm. Los jueces y las juezas de este tribunal escudriñamos los expedientes ante nuestra consideración con rigor. No es una práctica aconsejable, todo lo contrario, es altamente antiético tratar de inducir a error a un juzgador.