ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **WANDA I. CABEZAS ORTIZ**<br><br>Recurrente<br><br>v.<br><br>**AUTORIDAD DE ENERGÍA ELÉCTRICA**<br><br>Recurrida | KLRA202400106 | **REVISIÓN**<br>procedente del **Sistema de Retiro de los Empleados de la AEE de PR** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 4 de marzo de 2024.

Comparece la señora Wanda I. Cabezas Ortiz (Sra. Cabezas Ortiz), por derecho propio y le solicita a este Tribunal que revoque la *Resolución 2023-093* de la Autoridad de Energía Eléctrica (AEE), dictada el 22 de diciembre de 2023.

Por los fundamentos que se expondrán a continuación, procede la desestimación del *Recurso de revisión de decisión administrativa* por carecer este Tribunal de jurisdicción para atenderlo al amparo de la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.57.

I.

Por tratarse de un asunto completamente procesal, solamente expondremos los hechos pertinentes a nuestra determinación.

El 22 de diciembre de 2024, luego de varios trámites administrativos en la Autoridad de Energía Eléctrica, la Junta de Síndicos de la AEE aprobó la *Resolución 2023-093*. Mediante esta, la AEE le denegó a la Sra. Cabezas Ortiz su solicitud con relación a

la devolución de las aportaciones de su fallecido esposo, el señor José Santa Torres.

Así las cosas, la AEE intentó varias veces, mediante correo certificado, notificar a la Sra. Cabezas Ortiz de la *Resolución.* El primer intento se depositó en el correo el 22 de diciembre de 2023. El Servicio Postal de los Estados Unidos (USPS por sus siglas en inglés) no logró entregar la notificación y le devolvió el correo certificado a la AEE el 9 de enero de 2024.[1]

El segundo intento de notificar la *Resolución* fue depositado en el correo el 24 de enero de 2024. Finalmente, el 31 de enero de 2024, USPS logró notificar a la Sra. Cabezas Ortiz.[2]

Inconforme con la determinación de AEE, el 29 de febrero de 2024, la Sra. Cabezas Ortiz presentó en este Foro el *Recurso de revisión de decisión administrativa* que se encuentra ante nuestra consideración.

Examinado el recurso en su totalidad y, en aras de lograr el más justo y eficiente despacho, procedemos a establecer el derecho aplicable y resolver, en ausencia de la comparecencia de la parte recurrida, según nos permite la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *supra.*

II.

La jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Gearheart v. Haskell Burress,* 87 DPR 57, 61 (1963). En Puerto Rico, "jurisdicción significa la potestad de aplicar las leyes en asuntos civiles y criminales, declarando, juzgando y haciendo ejecutar lo juzgado". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil,* 6.ta ed. rev., San Juan, LexisNexis de Puerto Rico, 2017, pág.

---

[1] El correo certificado cuenta con un número de rastreo que permite al depositante localizarlo y tener conocimiento de su estatus. El USPS almacena la información relacionada con un correo certificado por dos (2) años a partir del depósito del correo. El número correspondiente al primer correo certificado enviado es el: 70202450000052449114.

[2] El número de rastreo del segundo correo certificado enviado es el: 70202450000052449121.

33. Nuestros tribunales de justicia son foros de jurisdicción general, lo que significa que pueden atender todo tipo de controversia, salvo que carezcan de jurisdicción sobre la materia. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023).

Entiéndase jurisdicción sobre la materia como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). "Solo el Estado, a través de sus leyes, puede otorgar o privar de jurisdicción sobre la materia a un tribunal". *Íd*. La falta de jurisdicción sobre la materia conlleva las siguientes consecuencias:

> (1) No es susceptible de ser enmendada; (2) las partes no pueden otorgarle jurisdicción al tribunal como tampoco éste puede abrogársela; (3) son nulos los dictámenes emitidos por un tribunal sin jurisdicción sobre la materia; (4) los tribunales tienen la obligación de evaluar su propia jurisdicción; (5) también los tribunales apelativos tienen que examinar la jurisdicción del tribunal de donde procede el recurso; (6) el planteamiento sobre ausencia de jurisdicción puede hacerse en cualquier etapa de los procedimientos por cualquiera de las partes o por el tribunal a *motu proprio*. J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1.ra ed. rev., San Juan, 2012, págs. 27-28.

Tan importante es la jurisdicción sobre la materia que **su falta es mortal para cualquier reclamo ante los tribunales de justicia**. Contrario a la falta de jurisdicción sobre la persona, la falta de jurisdicción sobre la materia no es subsanable, ni puede ser otorgada voluntariamente. Echevarría Vargas, *op. cit.*, pág. 28; *MCS Advantage, Inc. v. Fossas Blanco et al.*, *supra*.

Los tribunales tenemos un deber de examinar nuestra jurisdicción, incluso cuando la falta de jurisdicción no haya sido planteada por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). La Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, permite que el Tribunal de Apelaciones, a iniciativa propia, desestime un recurso de apelación por carecer de jurisdicción.

Una manera que el Estado limita la jurisdicción sobre la materia de los tribunales es mediante los requisitos de cumplimiento con términos. Términos son plazos concedidos por ley para realizar determinados actos procesales. Hernández Colón, *op. cit.*, pág. 230. Entre los términos contemplados por la ley existen los términos jurisdiccionales. "[L]os términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término [...]". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2018).

En lo relevante al caso de autos, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, R. 57, dispone que:

> El escrito inicial de una revisión [administrativa] deberá ser presentado dentro del **término jurisdiccional de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. **Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo**. (Énfasis nuestro).

Por lo tanto, cuando una parte adversamente afectada por una determinación de una agencia o entidad administrativa debe presentar su recurso ante los foros apelativos dentro de los treinta (30) días contados desde la notificación de la resolución u orden. Cuando la fecha de archivo de la resolución es distinta a la fecha del depósito en el correo de dicha notificación, la revisión debe presentarse dentro de treinta (30) días a partir de la fecha de depósito de la notificación en el correo. Incumplimiento con este término jurisdiccional impide que los tribunales atiendan la controversia en sus méritos.

III.

Analizada la controversia de marras bajo el marco doctrinal previamente esbozado, nos hallamos en posición de resolver.

Nuestro ordenamiento es claro: sin jurisdicción, no podemos atender los méritos de un caso. En el caso de autos, nos encontramos forzados a desestimar las reclamaciones de la Sra. Cabezas Ortiz por falta de jurisdicción.

La notificación de la *Resolución* de AEE fue depositada en el correo el 24 de enero de 2024. Es a partir de esta fecha que comienzan a contarse los treinta (30) días para presentar el *Recurso de revisión de decisión administrativa*. Consecuentemente, la Sra. Cabezas Ortiz tenía hasta el 23 de febrero de 2024 para presentar su *Recurso*. Al presentarlo el 29 de febrero de 2024, presentó fuera de término.

Por ende, tenemos la obligación ministerial de desestimar la reclamación sin considerar los méritos de la controversia, según nos exige la Regla 83 (B)(1) y (C) de Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (B)(1) y (C).

IV.

Por los fundamentos antes expresados, se desestima el *Recurso* por falta de jurisdicción de este tribunal, debido a su presentación tardía, vencido el término jurisdiccional provisto en la Regla 57 del Reglamento del Tribunal de Apelaciones *supra*, R. 57.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


                          Lcda. Lilia M. Oquendo Solís
                          Secretaria del Tribunal de Apelaciones