ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| **EL PUEBLO DE PUERTO RICO**<br><br>Recurridos<br><br>v.<br><br>**JUAN RAMÓN DÍAZ ROMÁN**<br><br>Peticionario | KLEM202400001 | **ESCRITO MISCELANEO**<br><br>Caso Núm.:<br>**JBD2013G0212** |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de mayo de 2024.

El 7 de mayo de 2024, el señor Juan Ramón Díaz Román (Díaz Román o recurrente), integrante de la población correccional, por derecho propio y en forma *pauperis*, presentó un *Recurso* ante este Tribunal. Mediante dicha comparecencia, Díaz Román nos solicita que revisemos una *Resolución*[1] del Tribunal Supremo de Puerto Rico. Por las razones que discutimos a continuación, desestimamos el *Recurso* presentado por este Tribunal carecer de jurisdicción para atenderlo.

### I.

Jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Gearheart v. Haskell Burress*, 87 DPR 57, 61 (1963). En Puerto Rico, "jurisdicción significa la potestad de aplicar las leyes en asuntos civiles y criminales, declarando, juzgando y haciendo ejecutar lo juzgado". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6.ta ed. rev., San Juan, LexisNexis de Puerto Rico, Inc., pág. 33.

---

[1] *Resolución* de 8 de diciembre de 2022, *In re: Pedro A. Vargas Echevarría*, Caso Núm. AB-2021-197. (Resolución archivando una queja presentada por Juan Ramón Díaz Román en contra del licenciado Pedro A. Vargas Echevarría).

Nuestros tribunales de justicia son foros de jurisdicción general, lo que significa que pueden atender todo tipo de controversia, salvo que carezcan de jurisdicción sobre la materia. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023).

Entiéndase jurisdicción sobre la materia como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). "Solo el Estado, a través de sus leyes, puede otorgar o privar de jurisdicción sobre la materia a un tribunal". *Íd.* La falta de jurisdicción sobre la materia conlleva las siguientes consecuencias:

> (1) No es susceptible de ser enmendada; (2) las partes no pueden otorgarle jurisdicción al tribunal como tampoco éste puede abrogársela; (3) son nulos los dictámenes emitidos por un tribunal sin jurisdicción sobre la materia; (4) los tribunales tienen la obligación de evaluar su propia jurisdicción; (5) también los tribunales apelativos tienen que examinar la jurisdicción del tribunal de donde procede el recurso; (6) el planteamiento sobre ausencia de jurisdicción puede hacerse en cualquier etapa de los procedimientos por cualquiera de las partes o por el tribunal a *motu proprio*.
>
> J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1.ra ed. rev., San Juan, 2012, págs. 27-28.

Tan importante es la jurisdicción sobre la materia que su falta es mortal para cualquier reclamo ante los tribunales de justicia. Los tribunales tenemos un deber de examinar nuestra jurisdicción, incluso cuando la falta de jurisdicción no haya sido planteada por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). La Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA ap. XXII-B, R. 83, permite que el Tribunal de Apelaciones, a iniciativa propia, desestime un recurso de apelación por carecer de jurisdicción.

El Tribunal de Apelaciones es un "tribunal intermedio entre el Tribunal Supremo y el Tribunal de Primera Instancia". Artículo 4.001, Ley de la Judicatura del Estado Libre Asociado de Puerto

Rico, según enmendada, Ley Núm. 201-2003, 4 LPRA sec. 24t. Nuestra jurisdicción está limitada por la referida ley, por lo que únicamente podemos revisar "**las sentencias finales del Tribunal de Primera Instancia**, así como **las decisiones finales de los organismos y agencias administrativas** y de forma discrecional cualquier otra **resolución u orden dictada por el Tribunal de Primera Instancia**". *Íd.*, Art. 4.002. (Énfasis nuestro). Por lo tanto, las determinaciones que emite el Tribunal Supremo de Puerto Rico no pueden ser apeladas ante este Tribunal, puesto que carecemos jurisdicción para atenderlas.

**II.**

La parte recurrente no ha recurrido de una sentencia, resolución u orden revisable por este foro, lo que constituye un craso incumplimiento con nuestro Reglamento, *supra*. Adviértase que recurre de una Resolución del Tribunal Supremo archivando una queja presentada contra un abogado. En consecuencia, procede la desestimación del *Recurso* presentado. Regla 83 (B) (1) de este Tribunal. *Íd.*, R. 83 (B) (1).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones