Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>TRAVIS HERBERT BONILLA PÉREZ<br><br>*Peticionario* | KLCE202400919 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR201901106-ISCR201901112<br><br>Sobre: Art. 3.1 Ley 54 (3), Tent. Art. 93 del CP, Art. 3.2 E.2 del CP, Art. 3.2 E Ley 54, Art. 199 B del CP, Art. 4.02 Ley 22 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de septiembre de 2024.

Comparece ante este Tribunal el señor Travis Herbert Bonilla Pérez (el peticionario), por derecho propio y mediante un escrito sin titular, en el que solicita algún remedio con relación a las bonificaciones que provee la Ley 66–2022.

**I.**

Según se desprende de la comparecencia, el peticionario se encuentra confinado en el Centro de Detención del Oeste de Mayagüez (CDO) extinguiendo una sentencia por infracciones al Artículo 3.2 de la "Ley para la Prevención e Intervención con la Violencia Doméstica Ley 54-1989, según enmendada[1]. Argumenta que, la Ley 66-2022 le es de aplicación y, por ello, puede proceder una reducción de un 40%[2].

Surge del expediente que, el 25 de mayo de 2024, el peticionario presentó ante la División de Remedios Administrativos

---

[1] 8 LPRA secc.632.
[2] Véase Anejo 4 de la comparecencia de la Oficina del Procurador General.

Número Identificador
RES2024_____

del Departamento de Corrección y Rehabilitación (DCR) una *Solicitud de Remedio Administrativo* sobre la aplicabilidad de la Ley 66-2022[3]. En respuesta, el área concernida del DCR determinó que; las *bonificaciones otorgadas bajo la Ley 66 aprobada el 19 de julio de 2022, son de aplicabilidad a toda persona sentenciada que se encuentra disfrutando de un permiso concedido bajo un Programa de Rehabilitación o disfrutando de Libertad Bajo Palabra[4]*. Dicho documento le fue entregado al peticionario el 17 de junio de 2024 por la Evaluadora de la División de Remedios Administrativos de la Oficina local del CDO[5]. Insatisfecho con la contestación, el peticionario, dentro del término reglamentario, presentó *Solicitud de Reconsideración* y expuso que el privilegio de libertad bajo palabra coexiste con el sistema de bonificación por buena conducta, trabajo, estudio y servicios excepcionalmente meritorios a personas sentenciadas[6]. El 2 de julio de 2024 se acogió la solicitud de reconsideración y, el 9 de julio de 2024, se le entregó al peticionario copia de la *Resolución de Reconsideración[7]*, con las debidas advertencias del término para acudir a este foro intermedio.

Aun inconforme, el 18 de julio de 2024, el peticionario presentó ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez (foro primario) un recurso similar al que presentó en este foro el 21 de agosto de 2024.

El 6 de agosto de 2024, el foro primario resolvió "[...] nada que disponer" ante el recurso presentado por el peticionario. Insatisfecho con dicho dictamen, el peticionario solicita nuestra intervención

Conforme a lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones[8], prescindimos de la comparecencia de

---

[3] Véase anejo del recurso del peticionario.
[4] Véase Anejo 4 de la comparecencia de la Oficina del Procurador General.
[5] *Íd.*
[6] *Íd.*
[7] Véase Anejo 2 de la comparecencia de la Oficina del Procurador General.
[8] 4 LPRA Ap. XXII-B, R. 7 (B) (5).

las posibles partes con interés, y resolvemos. Se adelanta la desestimación del recurso.

## II.

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[9]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[10]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[11]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[12]. Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[13]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[14].

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **__tardío__** o prematuro, pues "[...] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre [...] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico [...]"[15]. Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

---

[9] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[10] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).
[11] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).
[12] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[13] *Íd.*
[14] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Ello es imperativo, ya que la falta de jurisdicción no puede ser subsanada por este Foro, ni pueden las partes conferírselas cuando no la tienen[16]. Entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia se encuentra la presentación tardía de un recurso. Se considera tardía la presentación de un recurso luego de transcurridos los términos dispuestos en ley para así hacerlo.

Por consiguiente, de hacer una determinación por carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*[17]. Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[18], confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**III.**

Un examen del trámite del recurso que nos ocupa revela que la parte peticionaria no nos colocó en posición de ejercer nuestra función revisora. Lo anterior, ya que presentó su recurso fuera de los términos establecidos.

La respuesta de la reconsideración se le entregó al peticionario el **8 de julio de 2024** y la copia de la *Resolución de Reconsideración* fue entrega el **9 de julio de 2024**. Es necesario apuntar que la *Resolución de Reconsideración* contenía una advertencia sobre su derecho a presentar una revisión ante el Tribunal de Apelaciones y los términos para ello.

---

[16] *Cruz Parrilla v. Dpto. Vivienda, supra; Constructora Estelar v. Aut. Edif. Púb., supra.*
[17] *Cordero et al. v. ARPe et al.*, 187 DPR 445,447 (2012).
[18] 4 LPRA Ap. XXII-B, R. 83.

Sin embargo, el recurso ante este Foro Intermedio se presentó el **19 de agosto de 2024, fuera del término previsto**.

Acorde con lo anterior, resulta forzoso concluir que este Tribunal de Apelaciones carece de jurisdicción para entender en el recurso de revisión incoado por el peticionario.

**IV.**

A la luz de lo antes expuesto, ***desestimamos*** el recurso ante nuestra consideración por este Tribunal carecer de jurisdicción para entender en el mismo.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones