Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JUANITA HARPER<br><br>*Recurrente*<br><br><br>v.<br><br><br><br>JAY CHAI Y<br>ALLAN BRADBURY<br><br>*Recurridos* | KLRA202400465 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.:<br>C-PON-2024-0005256<br><br>Sobre:<br>Condominio (Ley Núm. 104 de 25 de junio de 1958, según enmendada) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparece ante nuestra consideración, Juanita Harper (señora Harper o parte recurrente), y nos solicita que revisemos la *Resolución*[1] emitida el 6 de junio de 2024 y notificada[2] el 17 de junio de 2024, por el Departamento de Asuntos del Consumidor (DACo), mediante la cual procedió a cerrar y archivar la querella presentada, por falta de jurisdicción.

Por los fundamentos que expresamos a continuación, **desestimamos** el recurso por falta de jurisdicción.

## I.

La señora Harper firmó[3] un contrato de arrendamiento el 6 de octubre de 2023 con Jay Chai & Allan Bradbury. Posteriormente, el 16 de mayo de 2024, presentó ante el DACo una querella, en la cual alegó que la propiedad tenía moho negro y esto le había producido daños físicos y mentales. Además, solicitó reembolso por los gastos

---

[1] Véase páginas 14-19 del recurso.
[2] Véase páginas 12–13 del recurso.
[3] Véase páginas 5-8 del recurso.

realizados durante la reparación y una partida por daños y perjuicios.

El **6 de junio de 2024**, el DACo emitió la Resolución aquí impugnada, la cual fue notificada **el 17 de junio de 2024**.

El 9 de julio de 2024, la parte recurrente presentó *Reconsideración y/o Relevo de Sentencia*[4]. Ese mismo día, el DACo emitió electrónicamente la notificación de presentación de la moción[5], pero no actuó dentro de los quince (15) días[6].

Inconforme, la parte recurrente presentó el recurso ante nuestra consideración y formuló el siguiente error:

> ERR[Ó] SUSTANTIVAMENTE EL DEPARTAMENTO DE ASUNTOS [DEL] CONSUMIDOR AL DETERMINAR QUE EL ARRENDAMIENTO DE LA QUERELLA DE AUTOS ES COMERCIAL O PROFESIONAL Y POR ENDE NO CUALIFICA BAJO LA JURISDICCIÓN DE DACO CUANDO DE LA FAZ DEL CONTRATO SURGE QUE ES UN ARRENDAMIENTO DE UN CONDOMINIO DE VIVIENDA.

**II.**

**-A-**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[7]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[8]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[9]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[10]. Si el tribunal carece

---

[4] Véase páginas 21-22 del recurso.
[5] Véase página 20 del recurso.
[6] 3 LPRA secc. 9655.
[7] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[8] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).
[9] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).
[10] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[11]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[12].

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. v. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones[13], nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre"[14]. Es prematuro "*lo que ocurre antes de tiempo*; en el ámbito procesal, una apelación o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción"[15].

Un recurso prematuro, al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al

---

[11] *Íd.*
[12] *Morán v. Martí,* 165 DPR 356, 364 (2005).
[13] 4 LPRA Ap. XXII-B, R. 83(C).
[14] *Juliá et al v. Epifanio Vidal, SE,* 153 DPR 357, 366 (2001).
[15] *Pueblo v. Santana Rodríguez,* 148 DPR 400, 402 (1999).

tribunal al cual se recurre[16]". En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico[17].

Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones[18].

**-B-**

Ahora bien, en lo pertinente al caso ante nos, cabe mencionar que, la Sección 3.15 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*[19], (LPAUG) disponer lo siguiente:

> **La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. (Énfasis suplido).**
> [...]

Finalmente, la Sección 4.2 de la LPAUG[20], contempla la revisión judicial de las decisiones administrativas finales ante este Tribunal y establece lo siguiente:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días contados a partir de** la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de **la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación**

---

[16] *Juliá* et al *v. Vidal, S.E., supra.*
[17] *Torres Martínez v. Ghigliotty*, 175 DPR 83, 97-98 (2008).
[18] 4 LPRA Ap. XXII-B.
[19] 3 LPRA secc. 9655.
[20] 3 LPRA secc. 9672.

**oportuna de una moción de reconsideración.** (Énfasis nuestro).

Dicho término de treinta (30) días para solicitar la revisión judicial ante este Tribunal es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende, no puede acortarse y tampoco es susceptible de extenderse[21].

### III.

Resolvemos que, no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término jurisdiccional de treinta (30) días que dispone la LPAUG para recurrir ante nosotros de una resolución de la agencia.

Tras revisar minuciosamente el expediente, surge del mismo que el DACo notificó la *Resolución* impugnada **el 17 de junio de 2024.** Conforme a la LPAUG, la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de **veinte (20) días** desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden[22].

Así pues, los veinte (20) días que confiere la precitada Ley para presentar reconsideración vencieron el 8 de julio de 2024. No obstante, en el caso de autos, la parte recurrente presentó la *Reconsideración y/o Relevo de Sentencia* el 9 de julio de 2024, esto es, fuera del término previsto por la LPAUG.

Como corolario a lo anterior, la *Reconsideración y/o Relevo de Sentencia,* al no presentarse dentro del término establecido por la LPAUG, no tuvo el efecto de paralizar los términos[23].

En vista de lo anterior, el **término jurisdiccional** de treinta (30) días para comparecer ante nos mediante una revisión judicial,

---

[21] *Assoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).
[22] 3 LPRA secc. 9655.
[23] *Div. Empleados Públicos UGT v CEMPR,* 212 DPR 742, 752,753 (2023).

**venció el 17 de julio de 2024**. A esos efectos, y como según consta en el expediente apelativo, la *Revisión de Resolución Administrativa*[24] se presentó el **22 de agosto de 2024**, entiéndase, treinta y seis (36) días después de que se le notificó a la parte recurrente la *Resolución* impugnada.

Por las razones antes expuestas, determinamos que la *Reconsideración y/o Relevo de Sentencia* fue inoficiosa y nunca paralizó los términos para recurrir a nuestro Foro. Por tanto, nos encontramos forzados a desestimar el recurso de epígrafe por tardío, conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que expresamos previamente, ***desestimamos*** el recurso presentado por falta de jurisdicción.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Véase la portada del recurso.