Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CAROL G. SANTIAGO TORRES<br><br>*Peticionaria*<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>*Recurrido* | KLCE202500233 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F AC2024-8339 al 8353 (Sala 102)<br><br>Sobre:<br>Revisión Boletos Tránsito y Obras Públicas |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparece la señora Carol G. Santiago Torres (señora Santiago Torres o peticionaria) y nos solicita que revoquemos la *Resolución* emitida y notificada el 12 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el referido dictamen, el TPI desestimó varios recursos de revisión de multas de tránsito, por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

**I.**

La controversia ante nuestra consideración tuvo su génesis el 12 de marzo de 2023, cuando se expidieron quince (15) multas por infracciones a la *Ley de Vehículos y Tránsito de Puerto Rico* (Ley de Tránsito)[1], a nombre del conductor infractor, señor Exel A. Berríos Class, quien conducía una *Jeep Grand Cherokee* con tablilla IVC656. Entre los artículos imputados, se encontraba una

---

[1] 9 LPRA sec. 5001 *et seq.*

infracción al Artículo 2.48 (p) de la Ley de Tránsito[2], sobre no tramitar el traspaso de un vehículo dentro de un término de quince (15) días.

El 24 de octubre de 2024, la señora Santiago Torres presentó varios recursos de revisión de multa administrativa de tránsito ante el TPI. En ellos, arguyó que las referidas multas estaban registradas a su licencia, lo cual era incorrecto, ya que no se encontraba en posesión del vehículo desde el 22 de febrero de 2020.

En respuesta, el TPI notificó una *Orden* con fecha de 12 de enero de 2025, donde le otorgó un término de veinte (20) días para que la peticionaria presentara una certificación de multas del Departamento de Transportación y Obras Públicas, al igual que una certificación de la institución bancaria donde fue entregado el vehículo. A esos efectos, se desprende del expediente que la peticionaria otorgó un contrato de cesión con *Auto Solutions* el 22 de febrero de 2020.

El TPI emitió una *Resolución* el 12 de febrero de 2025, en la cual declaró *No Ha Lugar* las revisiones solicitadas, ya que fueron presentas en exceso de los treinta (30) días provistos por ley.

Inconforme con el dictamen, la peticionaria recurre por derecho propio ante este foro apelativo mediante recurso de *certiorari* presentado el 10 de marzo de 2025. Arguye que las multas no fueron expedidas a su nombre, por lo que desconocía de estas hasta que verificó el registro del Centro de Servicios al Conductor (CESCO) en septiembre de 2024. Añadió, que *Auto Solutions* le indicó que dentro de un año el vehículo ya no estaría a su nombre, pero no fue hasta diciembre de 2024 que finalmente se realizó el traspaso.

---

[2] 9 LPRA sec. 5048.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[3] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[4].

Nuestro ordenamiento judicial, ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[5]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[6].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[7]. En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[8], dispone que, para darse la activación de nuestra jurisdicción discrecional en estos recursos, se deberán tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[3] 32 LPRA Ap. V, R. 52.1.
[4] 4 LPRA Ap. XXII-B, R.40.
[5] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[6] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[7] *García v. Padró,* 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).
[8] 4 LPRA Ap. XXII-B, R. 40.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

El Artículo 23.05 de la Ley de Tránsito, establece el procedimiento administrativo a seguir para solicitar una revisión judicial de una multa administrativa de tránsito. En específico, el inciso (l) dicta que:

> Si el dueño del vehículo, de la tablilla, el conductor certificado, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación[9].

**-C-**

El Tribunal Supremo de Puerto Rico ha reiterado que los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[10]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[11].

El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[12]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[13]. Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo,

---

[9] 9 LPRA § 5685.

[10] *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023); *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011).

[11] *FCPR v. ELA et al.*, *supra*; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012).

[12] *FCPR v. ELA et al.*, *supra*, pág. 529; *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[13] *FirstBank v. Registradora*, 208 DPR 64, 75 (2021); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

sin necesidad de discutir los méritos del recurso en cuestión[14]. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[15].

## III.

Luego de examinar el dictamen recurrido, a la luz de la Regla 52.1 de las de Procedimiento Civil[16] y las disposiciones de la Regla 40 de nuestro Reglamento[17], concluimos que la controversia que hoy nos ocupa no amerita nuestra intervención.

Ante los hechos que presenta este caso, entiéndase, una presentación tardía de un recurso ante el foro primario, no consideramos que la desestimación de los susodichos recursos haya sido arbitraria, caprichosa o que haya lesionado el debido proceso de ley de la peticionaria. En consecuencia, no vemos razón alguna para expedir el auto solicitado.

## IV.

Por los fundamentos que anteceden, ***denegamos*** la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 688, 660 (2014).
[15] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[16] *Supra.*
[17] *Supra.*