Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EDUARDO L. GUZMÁN CARDEC *Peticionario* v. JUAN JIMÉNEZ JIMÉNEZ *Recurrido* | KLCE202500448 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Bayamón Caso Núm.: BYL1212025-6533 Sobre: Protección de Adultos(as) Mayores Ley 121 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece ante nos, el señor Eduardo Luis Guzmán Cardec (señor Guzmán o peticionario) quien presenta recurso de *certiorari* y nos solicita la revisión de la *Orden de Protección para el Adulto Mayor (Ex Parte)* expedida el 3 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido). Mediante el referido dictamen, el TPI le ordenó al señor Guzmán: (1) abstenerse de molestar, hostigar, perseguir, intimidar, amenazar al señor Juan Jiménez Jiménez (señor Jiménez o recurrido); (2) abstenerse de acercarse o penetrar en cualquier lugar donde se encuentre el recurrido; (3) comunicarse con el señor Jiménez por cualquier medio ya sea verbal, escrito, telefónico, electrónico o cualquier otro método de comunicación, por sí mismo o por terceros; (4) que compareciera a la vista del 20 de marzo de 2025.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, ***desestimamos*** el recurso mediante los fundamentos que expondremos a continuación.

Número Identificador

RES2025_____

**I.**

El 3 de marzo de 2025, el señor Jiménez presentó una solicitud de *Orden de Protección para el Adulto Mayor (Ex Parte)* contra el peticionario. Esto, debido a que alegadamente, el señor Guzmán, insultaba con palabras soeces al recurrido. Igualmente, adujo que un día, mientras se encontraba en el techo de su casa, el peticionario comenzó a tirarle piedras. Incluso, el recurrido alegó que, en una ocasión el señor Guzmán lo amenazó.

Ese mismo día, el TPI expidió el referido dictamen y le ordenó al peticionario lo siguiente: (1) abstenerse de molestar, hostigar, perseguir, intimidar, amenazar al señor Juan Jiménez Jiménez (señor Jiménez o recurrido); (2) abstenerse de acercarse o penetrar en cualquier lugar donde se encuentre el recurrido; (3) comunicarse con el señor Jiménez por cualquier medio ya sea verbal, escrito, telefónico, electrónico o cualquier otro método de comunicación, por sí mismo o por terceros; (4) que compareciera a la vista del 20 de marzo de 2025.

Inconforme con tal determinación, el 25 de abril de 2025, el señor Guzmán presentó ante este foro apelativo intermedio el presente recurso, el cual arguyó lo siguiente:

> El 3 de marzo de 2025, la Hon. Jueza *Melissa Santiago Núñez* emitió una **Citación** y **Orden de Protección EXPARTE (caso #BYL1212025-6533),** fundamentada en un *"testimonio de* oídas" **NO** debidamente corroborado, verificado, o examinado, y el cuál fue proporcionado *maliciosamente por el Sr. Juan Jiménez, Jiménez (A7 Calle Torrech S., Bayamón PR 00956).* La determinación de *"causa probable"* careció de verificación objetiva o fáctica, en violación de ***Illinois v. Gates,* 462 U.S. 213 (1983),** la *Cuarta **(4ta) Enmienda*** de la **Constitución de los Estados Unidos,** y el **Artículo II, Sección 10** de la **Constitución de Puerto Rico**[1].

> Es por lo anterior que, el peticionario nos solicitó que:

> 1. Revoque la **Citación y Orden de Protección EXPARTE (caso #BYL1212025-6533)** emitida por el *Tribunal Municipal de Bayamón* el 3 de marzo de 2025 por ser inconstitucional.
> 2: Declare nulo todo procedimiento subsiguiente relacionado con el caso **#BYL1212025-6533.**

---

[1] Véase, *Reconvención y Solicitud de Revisión Judicial Inmediata por Violaciones Constitucionales.*

3. Ordene una investigación judicial inmediata contra todos los funcionarios, agentes, oficiales, o empleados gubernamentales en *Puerto Rico* que participaron en la violación de los derechos constitucionales del *Peticionario.*

4. Conceda una indemnización, compensando al *Peticionario* por daños emocionales, psicológicos, y económicos, y también por agravios constitucionales, conforme con la **Primera (1ra) Enmienda de la Constitución de EE. UU.**

5. Radique, emita, o certifique una orden judicial para prevenir acciones similares en el futuro, en contra de! *Peticionario,* sus persona(s) legal(es), papeles, y efectos.

6. Conceda cualquier otro remedio que en derecho proceda[2].

Examinado el recurso ante nuestra consideración, procedemos a emitir nuestro dictamen sin necesidad del escrito en contestación al recurso, según faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[3]. Esto con el fin de lograr el más justo y eficiente despacho de la presente causa de acción.

**II.**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[4]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[5]. El Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[6]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[7]. Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión[8]. De no

---

[2] *Íd.*

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

[4] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[5] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

[6] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[7] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[8] *Íd.*

hacerlo, la determinación sería nula, por lo que carecería de eficacia[9].

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[...] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre [...] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico [...]"[10]. Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

Ello es imperativo, ya que la falta de jurisdicción no puede ser subsanada por este Foro, ni pueden las partes conferírselas cuando no la tienen[11]. Entre las instancias en las que un tribunal carece de jurisdicción para adjudicar una controversia se encuentra la presentación tardía de un recurso. Se considera tardía la presentación de un recurso luego de transcurridos los términos dispuestos en ley para así hacerlo.

Por consiguiente, de hacer una determinación por carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*[12]. Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[13], confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[9] *Morán v. Martí*, 165 DPR 356, 364 (2005).
[10] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[11] *Cruz Parrilla v. Dpto. Vivienda, supra; Constructora Estelar v. Aut. Edif. Púb., supra.*
[12] *Cordero et al. v. ARPe et al.*, 187 DPR 445,447 (2012).
[13] 4 LPRA Ap. XXII-B, R. 83.

Pertinente a la controversia que nos ocupa, la Regla 32 del Reglamento del Tribunal de Apelaciones[14] establece el término para presentar el recurso de *certiori.* En lo específico, en el inciso C de la precitada regla se dispone lo siguiente:

> El recurso de certiorari para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto[15].

Es decir, para recurrir ante este foro intermedio contra la determinación final cuestionada, la parte afectada tiene el plazo jurisdiccional de 30 días, contados a partir del archivo en autos de su notificación.

### III.

Un examen del trámite del recurso que nos ocupa revela que el peticionario no nos colocó en posición de ejercer nuestra función revisora. Lo anterior, ya que presentó su recurso fuera del término establecido en la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo anterior, debido a que, la *Orden de Protección para el Adulto Mayor (Ex Parte)* fue expedida por el TPI el 3 de marzo de 2025. Sin embargo, el recurso ante este foro intermedio apelativo se presentó el 25 de abril de 2025, es decir, veintitrés (23) días fuera del término previsto.

Acorde con lo anterior, resulta forzoso concluir que este Tribunal de Apelaciones no cuenta con jurisdicción para entender en el recurso de revisión incoado por el peticionario.

---

[14] 4 LPRA Ap. XXII-B, R.32.
[15] 4 LPRA Ap. XXII-B, R.32 (C).

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, ***desestimamos*** el recurso presentado por falta de jurisdicción, por tardío.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones