Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>SANDRO OSORIO TOSADO<br><br>*Peticionario* | TA2025CE00536 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: CLA2010G0264<br><br>Sobre: Art. 5.04 Portación y Uso Armas de Fuego |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de octubre de 2025.

El 23 de septiembre de 2025, el señor Sandro Osorio Tosado (señor Osorio Tosado o peticionario) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de *certiorari* de epígrafe junto con una *Declaración en Apoyo de Solicitud para litigar como indigente (In Forma Pauperis).*

Examinada la solicitud para litigar como indigente, se declara ***Ha Lugar***.

En cuanto al recurso de *Certiorari*, **denegamos** el mismo, por los fundamentos que expondremos a continuación.

## I.

En su recurso, el señor Osorio Tosado arguyó que se encuentra confinado en el Centro Correccional de Aguadilla. Además, indicó que se encuentra extinguiendo una pena de reclusión por violación a los Artículos 5.04 y 5.15 de la Ley Núm. 404-2000, según enmendada, conocida como "Ley de Armas de Puerto Rico"[1] y por una violación al Artículo 93 de la Ley Núm. 146-

---

[1] Ley vigente al momento de los hechos. 25 LPRA sec. 458c y sec. 458n.

2012, según enmendada, conocido como "Código Penal de Puerto Rico" de 2012[2].

En su escasa comparecencia, adujo que la pena de reclusión correspondiente al Artículo 5.04 de la Ley Núm. 404-2000, *supra*, era inconstitucional. Esto, debido a que contravenía con la norma que estableció el Tribunal Supremo de Puerto Rico en *Pueblo v. Sánchez Valle*, 192 DPR 594 (2015).

Así pues, el 2 de octubre de 2025[3], emitimos una *Resolución* para que en un término de diez (10) días la Oficina del Procurador General de Puerto Rico se expresara en cuanto al recurso. A tales fines, el 14 de octubre de 2025, compareció mediante *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. Así pues, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[4]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[5]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[6]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[7].

---

[2] 33 LPRA sec. 5142.
[3] Notificada el 3 de octubre de 2025.
[4] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[5] *Íd.*
[6] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra,* pág. 91.
[7] *Íd.*

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[8], señala los criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción[9]. Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar, ya que los asuntos jurisdiccionales son materia privilegiada y deben ser resueltos en primer lugar[10]. El

---

[8] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[9] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[10] *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

Tribunal Supremo define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias"[11]. Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser resueltas con preferencia[12]. Si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia"[13]. Ante dicho escenario, la **Regla 83 del Reglamento del Tribunal de Apelaciones[14]** contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. De no hacerlo, la determinación sería nula, por lo que carecería de eficacia[15].

### III.

Tras revisar el expediente ante nuestra consideración, pudimos constatar que el señor Osorio Tosado no anejó copia de la *Sentencia* a la que aludió, denuncias, acusaciones, mociones o determinación respecto a la cual nos solicita la modificación. Por consiguiente, desconocemos por cual delito este fue encontrado culpable y la pena a la cual fue sentenciado. Por otro lado, el peticionario no incluyó una relación clara y concisa de los hechos materiales que originaron la presentación del recurso que nos ocupa. En consecuencia, desconocemos cuales fueron los planteamientos del señor Osorio Tosado ante el foro recurrido.

En vista de lo anterior, procedemos a desestimar el recurso de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[16], el cual le confiere facultad a este foro intermedio para, a iniciativa propia, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[11] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963).

[12] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[13] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

[14] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[15] *Morán v. Martí*, 165 DPR 356, 364 (2005).

[16] Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari.*

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación, quien deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones